

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1886

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1794.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1794

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1886
_____

GURPREET SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A73 656 955
on February 22, 2005
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 3, 2006

Before:   BARRY, STAPLETON AND GREENBERG, <u>Circuit Judges</u>.

(Filed: January 4, 2006)

_____

OPINION
_____

PER CURIAM

Gurpreet Singh petitions for review of an order of the Board of Immigration Appeals (BIA), denying his motion to reopen. For the reasons that follow, we will deny the petition.

Singh is a native and citizen of India. In removal proceedings, he admitted removability, but filed applications for asylum, withholding of removal and voluntary departure. Singh claimed that he was persecuted in India due to his participation as a member of the AISSF.[1] An Immigration Judge (IJ) denied all relief, and the Board of Immigration Appeals (BIA) affirmed without opinion on July 26, 2002.

On December 3, 2004, Singh filed a motion to reopen, accompanied by his affidavit and two affidavits from two relatives in India. Singh's motion was purportedly based on changes in country conditions. The BIA denied the motion. Singh filed a timely petition for review and a motion for a stay of removal.[2] This Court denied a stay of removal on June 29, 2005.

The decision to deny a motion to reopen is within the Board's discretion. See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the

---

[1] The record indicates that these initials stand for the "All India Sikh Student Federation." A.R. at 55.

[2] This court's review does not extend to any of the BIA's orders entered before February 22, 2005, because the petition for review was only timely as to that order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986).

Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, the Court reviews the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Singh must ultimately show that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

A motion to reopen proceedings based on changed country conditions "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." § 1003.2(c)(1). Singh's motion to reopen was purportedly based on changed country conditions; i.e., that the Congress Party, which was in power when Operation Blue Star[3] took place, is now back in power. Singh also alleged that the police raided his home, asking for him, on March 15, 2004. Singh provided two affidavits from relatives reporting the raid, but, as the BIA noted, the affidavits did not state how the relatives knew about the raid, nor did they give any details about the raid, such as whether the police stated why they were looking for Singh. Given the lack of support for his motion, we find that the Board did not abuse its discretion in denying the motion to reopen. For the foregoing reasons, the petition will be denied.[4]

_____

[3] Operation Blue Star was an attack on the Golden Temple on May 31, 1984 during which numerous Sikhs were killed.

[4] Respondent's Motion to Strike is granted. Our review is confined to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).